Daniel, J.
 

 George Gordon, in the year 1839, made his will, and in it among other things is this clause, “ I loan to my daughter Sarah and to her husband Joel K. Holland, during their natural lives, one-fourth part of my negroes; and then I give them, to the lawful heirs of Sarah. And in case she dies, leaving no issue, I give them to my children, George, William, and Elizabeth, to be equally divided between them.” The words in the will, “In case she, Sarah dies,
 
 leaving no issue,
 
 I give them, (the slaves,) to my children, George,
 
 *363
 
 William, and Elizabeth,” makes a good executory bequest to the said children. The words
 
 Heaving”
 
 or
 
 Heave,”
 
 have been held sufficient to restrain the general import of the term issue, to those living at the death of the first t alter, so as to give effect to the bequests over, upon there being no such
 
 issue
 
 in existence at that period. 1
 
 Roper on Legacies,
 
 371, and the cases there cited. The slaves were divided, and the one-fourth delivered by the executors to Holland and wife.
 

 The plaintiff, George W. Gordon, one only of the executory devisees, has filed this bill
 
 quia timet,
 
 stating in it, that Holland has threatened and is now about to sell the said slaves, &c. The bill prays, that Holland be enjoined from selling the said slaves, &c. The defendant demurred to the bill, for want of parties. The court overruled the demurrer and the defendant by the consent of the court appealed. The two other executory devisees, William and Elizabeth Gordon, appear, upon the face of the bill, to have just the same interest in the said slaves as the plaintiffs. It is a generel rule, that all persons interested must be made parties, plaintiff or defendant. The rule is founded upon the advantage, which all persons interested will derive from the completeness of the decree, and from the entire settlement of the matter in litigation; in other words, it is founded upon convenience.
 
 Calvert on Parties,
 
 17, 19. There are four different modes of taking an objection for want of parties ; by demurrer on record,
 
 demurrer ore tenus,
 
 by plea, and by answer. It is not sufficient that the defendant state a want of parties; he must give information that the plaintiff may be able to see, who the persons are, who should be added as parties.
 
 Calvert,
 
 113, 114. The demurrer, put in to this bill, has named the brother and sister of the plaintiffs as necessary parties, and they appear to be so from the bill itself; and the demurrer should, we think, have been sustained by the Judge of the Superior Court. The effect of an objection, successfully taken for want of parties, is, not that the bill is tobe dismissed, but that it stands over, with leave to amend by adding the necessary parties.
 
 Calvert,
 
 116.
 
 *364
 
 But this is not for ns, but for the court below, and on such, terms as shall seem good to that court.
 

 Per Curiam, Ordered that a certificate issue accordingly to the Court below, and that the plaintiff pay the costs of this Court.