The bill sets forth that the plaintiffs, D. T. Caldwell and W. F. Davidson, together with one J. H. Blake, were sureties of one William Davidson in a note to the defendant Blackwood, payable to him as agent of the Bank of the State, for $15,000. That in 1837 Davidson executed a deed of trust to secure the same, and that the said Blackwood was made the trustee in this deed. That previously to this, Davidson had executed a deed in trust to Washington Morrison, the testator of the defendant Wilson, to secure certain debts therein mentioned, which deed conveyed the same property as that to Blackwood and much more; that the debts mentioned in the first deed had been satisfied by the sale of a part of the property in the lifetime of the said Morrison. It also alleges that Blackwood, as trustee in the second deed in trust, also made sale of property conveyed in trust to him sufficiently to satisfy and pay off the debt for which plaintiffs were sureties, and that the said debt to the bank was in fact so paid and satisfied. The bill further alleges that before the sale thus made by Blackwood a judgment had been taken against Davidson and the plaintiffs, as his sureties, upon the said note, upon which execution was issued, but the debt having been satisfied by a sale under the trust deed, plaintiffs paid no attention to it then, nor had their attention directed to the matter afterwards. They aver that they expected that the defendants would have some entry made on the execution, or some record to show that the debt had been satisfied. But that they have lately discovered that no such (276) entry was ever made, and that the defendants have caused the execution to be regularly issued and kept alive, and that they are now endeavoring to force a sale of plaintiff's property under the same. The prayer is for an injunction to restrain the collection of this execution, and for an account of the trusts, and for general relief. David T. Caldwell and William F. Davidson were the only plaintiffs in the suit, *Page 190 
and John J. Blackwood, Joseph Wilson, executors of Washington Morrison, and the president and directors of the State Bank, are made defendants.
The defendants answered severally and demurred specially for the want of parties, thus, "It is apparent that there are other persons interested in the matters and things which are made the subject of litigation in this suit who ought to have been made parties thereto."
The cause was heard below upon a motion to dissolve the injunction and upon the demurrer, and the record of the hearing sent to this Court is as follows: "It is ordered and decreed that the injunction be continued to the hearing for the whole amount except the sum of $762.20. Demurrer sustained." Appeal prayed and granted.
It is apparent from the pleading that James H. Blake, a joint surety with the plaintiff David T. Caldwell in the judgment obtained by the defendant, the president and directors of the Bank of the State of North Carolina, which the plaintiffs seek to enjoin, and the cestui que trust in the deed in trust executed to the defendant, Wilson's testator, Morrison, are necessary parties to the suit before any final decree can be made. Fisher v. Worth, 45 N.C. 63. For this cause the defendants filed a demurrer in the Court below, in which, however, they omitted to state the names of the persons who ought to have been made parties. The demurrer was, by reason of this (277) omission, defective and ought to have been overruled. But the defendants now insist, by a demurrer ore tenus, on the same objection for the want of the persons above referred to as proper parties. The objection is a valid one, and may be taken in this way. Gordon v.Holland, 38 N.C. 362; Story Eq. Pl., sec. 541. The effect of the objection thus taken is not necessarily that the bill must be dismissed, but it may stand over, with leave to amend by adding the necessary parties. Gordon v. Holland cites Calvert, 176; Story Eq. Pl., sec. 264. But if it were dismissed, it would be without prejudice and without costs. Story Eq. Pl., sec. 541. As the case comes before us upon an appeal from an interlocutory order continuing the injunction until the hearing, the injunction must be dissolved, but without costs, and the plaintiffs may proceed in the Court below as they may be advised.
PER CURIAM. Decree accordingly.
Cited: Rountree v. McKay, 59 N.C. 89. *Page 191 
(278)